# JOHN A. CAMPBELL *et al.*

## *v.*

# MARGARET J. CAMPBELL *et al.*

1. JURISDICTION—*how obtained by infant defendants.* In a proceeding for partition, in which the lands of infant defendants were ordered to be sold, there was no actual service of process on the infant defendants, but the court appointed a guardian *ad litem,* who answered for them: *Held,* that the court had no jurisdiction of the persons of such defendants.

2. INFANT DEFENDANTS. Although the forty-seventh section of the chancery statute seems to authorize a decree against infant defendants without service of process on them, yet the court holds that the legislature has not the power to authorize a court to take the title of any one without notice, actual or constructive, to appear and defend.

3. CONSTITUTIONAL LAW—*what is due process of law.* The words "due process of law," in the clause of the constitution forbidding the divestiture of title except by due process of law, has reference to judicial proceedings according to the course and usage of the common law, which must always be based upon notice. The appointment of a guardian *ad litem* for an infant defendant, who has had no notice of the suit, is not due process of law.

WRIT OF ERROR to the Circuit Court of Wayne county; the Hon. JAMES M. POLLOCK, Judge, presiding.

This was a bill for partition of certain lands in Wayne county. The commissioners appointed having reported that the lands could not be divided, and appraised the same, the court ordered the sale of the lands, which was had.

Mr. JAMES McCARTNEY, for the plaintiffs in error. ·

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

In this case the summons against the infant defendants was returned not served, but, nevertheless, the court proceeded to appoint a guardian *ad litem,* who filed the usual answer, and the court decreed a sale of the land. This court said, in *McDurmaid* v. *Russell,* 41 Ill. 490, and in *Hickenbotham* v. *Blackledge,* 54 ib. 318, that infant defendants must be served before the court can acquire jurisdiction over them. It is true, the forty-seventh section of the chancery statute seems. to authorize a decree without service, but we think the practice has rarely been adopted. Certainly no argument is necessary to demonstrate that the legislature can not authorize a court to take the title of any one without notice, actual or constructive, to appear and defend. A judicial decree pronounced without jurisdiction is void. Jurisdiction over parties is only obtained by notice, actual or constructive. These are elementary principles. Yet this statute seems to authorize · a court to appoint a stranger as guardian *ad litem* for an infant, and then to sweep away his estate without notice to him or defense in his behalf, as the guardian *ad litem* generally knows nothing of the facts and takes no interest in the suit. It may be asked, what is service on an infant worth? The answer is, that notice is thus given to his family, his kindred, or his guardian, and they will see that his rights are protected. But to allow the estate of an infant to be decreed away without

notice to his natural or legal protectors, and upon the mere appointment of an utter stranger as a nominal guardian for the suit, is a violation of all the safeguards which the constitution has erected for the security of property, and especially of that provision which forbids the divestiture of title, except by due process of law. Such a proceeding is not due process of law, as that has reference to judicial proceedings according to the course and usage of the common law, and must always be based upon notice. These principles are so elementary, and have become so familiar by frequent decisions, that it is unnecessary to consume time in discussing them or to cite authorities in their support. Probably no person would contend that a court could acquire jurisdiction over an adult defendant without notice, by ordering an attorney of the court to enter his appearance, and we can see no difference in principle between such a case and one where the court seeks to acquire jurisdiction by appointing a guardian *ad litem* for an infant and requiring him to file an answer.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*