CATHERINE KAVANAUGH *vs.* MORRIS KAVANAUGH.

Hampden.    September 27, 1887. — January 9, 1888.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & KNOWLTON, JJ.

*Probate Court — Separate Support — Guardian — Spendthrift.*

Under the Pub. Sts. c. 147, § 33, on a petition for separate support brought by a wife against a spendthrift husband under guardianship, the Probate Court cannot make a decree against the guardian.

PETITION to the Probate Court under the Pub. Sts. c. 147, § 33, by Catherine Kavanaugh, alleging that she was the lawful wife of Morris Kavanaugh; that her husband failed, without just cause, to furnish suitable support for her; that the petitioner, for justifiable cause, was actually living apart from her said husband; and praying that the court would prohibit the husband from imposing any restraint on her personal liberty, and would make an order for her support.   The following indorsement was upon the petition: " I, Jas. H. Loomis, guardian of said Morris Kavanaugh, hereby waive further notice, and request that a hearing and decree be had forthwith.   James H. Loomis."

On this petition the judge of probate made a decree that, " due notice of said petition having been given to the said Morris Kavanaugh, and to James H. Loomis, his guardian, . . . . said husband be, and hereby is, prohibited from imposing any restraint

on the personal liberty of said petitioner; and that said guardian pay to her for her support, from income of estate of said Morris, the sum of three dollars per week, provided one third of the net income of the property of said ward, in the hands and control of said guardian, shall amount to as much as that sum; but if it shall amount to less than that sum, then said guardian shall pay to the petitioner such proportion of three dollars per week as one third of said net income shall amount to."

From this decree the respondent appealed, and filed the following reasons of appeal, as amended:

"1. That the court had no authority to decree a payment or payments of money by the respondent, he being at the time of the institution of these proceedings, and at the time of said decree, unable to pay said money, or to comply with said decree, by reason of being under guardianship as a spendthrift by former decree of said Probate Court.

"2. That the guardian was not made a party to the proceedings.

"3. That the court had no authority to decree a payment of money by the respondent to the petitioner, he being by order and decree of this court unable to pay.

"4. That the court had no authority to make a decree ordering the guardian to pay money as decreed.

"5. That the court had no authority to order a conditional or fluctuating decree.

"6. That the court did order a conditional or fluctuating and uncertain and indefinite decree.

"7. That the court only has authority to make a definite decree in this case, if any, for a fixed time of payment."

It was agreed by the parties, that, when the petition was brought, the respondent was under guardianship as a spendthrift by a former decree of the Probate Court for the same county, and so continued; that the guardian, James H. Loomis, was not made a party to the proceedings; and that Loomis made the indorsement on the petition before the decree.

Hearing before *Holmes,* J., who reserved the case for the consideration of the full court.

*E. H. Lathrop,* for the respondent.

*W. W. McClench,* for the petitioner.

FIELD, J. The jurisdiction of probate courts to entertain petitions brought under the Pub. Sts. c. 147, § 33, is distinct from their jurisdiction over the appointment of guardians for spendthrifts. Pub. Sts. c. 139, §§ 1, 8; Sts. 1874, c. 205; 1880, c. 64; 1887, c. 332, § 3. It happens that the proceedings in this case, and in that for the appointment of the guardian, were had before the Probate Court of the same county, because the residence of the respondent continued to be in the same county; Pub. Sts. c. 147, § 34; c. 139, § 1; but they are independent proceedings.

The guardian properly appeared for and represented his ward in this petition, but the guardian was not a party to it, and no decree could be made against him. Pub. Sts. c. 139, § 29. *Hicks* v. *Chapman*, 10 Allen, 463. *Rollins* v. *Marsh*, 128 Mass. 116.

The decree cannot be considered as an attempt by the Probate Court to compel the guardian to apply " the income and profits " of the ward's estate, " so far as may be necessary, to the comfortable and suitable maintenance and support of the ward and his family," under the Pub. Sts. c. 139, §§ 30, 38.

Other objections have been taken to this decree, the most important of which are that the decree is conditional and indefinite, and that no decree for the payment of money could be made against a person under guardianship as a spendthrift, because by the guardianship he is divested of all control over his property. There are manifest reasons why, if a decree for the payment of money be made against the ward, it should not be enforced by an attachment of his person. *Blake's case*, 106 Mass. 501.

Whether in a proceeding like this a decree for definite sums of money to be paid in the future can be rendered against the ward, which may be enforced by an execution to be levied upon his property, or which the guardian can be compelled to satisfy, if he has sufficient estate in his hands, by an action on his bond, — or whether the amount of the ward's property which should be devoted to the support of the wife must be determined by the Probate Court under any jurisdiction it may have to control the guardian in the management and disposition of the ward's estate and the income and profits thereof, — are questions of some

difficulty, which need not now be decided. That part of the decree of the Probate Court which requires the guardian to pay money to the petitioner must be reversed, and that part of the decree which prohibits the husband from imposing any restraint on the personal liberty of the wife until the further order of the court, must be affirmed.           *Ordered accordingly.*