FRED KING *vs.* STEPHEN HAYES.

Androscoggin.    Opinion February 23, 1888.

*Constitutional law.    Cruelty to animals.    R. S., c. 124, § 42.*

So much of R. S., c. 124, § 42, as authorizes an officer or agent of a society for the prevention of cruelty to animals, to condemn, conclusively fix the value of, and kill a horse, without notice to the owner, that he might be heard, is in violation of the constitution.

ON exceptions.

The opinion states the case.

The exceptions were to the ruling of the court that the defendant, being an agent of a society for the prevention of cruelty to animals, was justified by R. S., c. 124, § 42, in killing the plaintiff's horse.

*Savage and Oakes,* for the plaintiff, cited : Constitution of Maine, Art. 1, § 6 ; *Eames* v. *Savage,* 77 Maine, 212 ; *Dunn* v. *Burleigh,* 62 Maine, 24 ; *Saco* v. *Wentworth,* 37 Maine, 165 ; 1 Kent. Com. 13 ; *Allen* v. *Jay,* 60 Maine, 138 ; *State* v. *Doherty,* 60 Maine, 504 ; Story, Com. on Const. 661 ; *Portland* v. *Bangor,* 65 Maine, 120 ; 79 Am. Dec. 529 ; 24 Am. Dec. 538, n ; 48 Am. Dec. 272 ; 47 Am. Dec. 440 ; 83 Am. Dec. 729, 731.

*Frye, Cotton and White,* for the defendant, submitted without argument.

PER CURIAM.    This is an action of trespass for killing the plaintiff's horse.

The defendant justified as an agent of the society for the prevention of cruelty to animals, he first having strictly followed the provisions of R. S., c. 124, § 42.

The appraisers adjudged the horse to be of no value, and so testified before the jury in this action ; but the jury fixed the value at thirty dollars.

We are of opinion that so much of the provisions of R. S., c. 124, § 42, as allowed the defendant to condemn, conclusively fix

the value of and destroy the plaintiff's horse, without any notice actual or constructive to the owner in order that he might be heard, is in violation of the fundamental law, which prohibits any person of being deprived of his property without due process of law. *Dunn* v. *Burleigh*, 62 Maine, 24.

Such have been the adjudications even in regard to the destruction of intoxicating liquors intended for unlawful sale, *Fuller* v. *McGirr*, 1 Gray, 1; *Lincoln* v. *Smith*, 27 Vt. 355. Our own statute contains provisions for notice before destruction of such liquors, R. S., c. 27 § 41. Same has been held in relation to gambling implements. *Lowry* v. *Rainwater*, 70 Mo. 152; S. C. 35 Am. Rep. 420. See cases in note 48, Am. Dec. 272, *et seq.*

*Exceptions sustained.*