JOHN SAHR, Respondent, *v.* THEODORE E. SCHOLLE, Appellant.

*Property destroyed by a public officer by statutory authority — liability therefor — owner entitled to a hearing — effect of the determination of two reputable citizens under section 656 of the Penal Code.*

A person whose property has been destroyed by a public officer, acting pursuant to a statutory authority, without notice to the owner, may always have his common-law action for damages, and if he can prove that the fact which, if it existed, would have authorized the officer to act did not exist, he is entitled to judgment.

In an action brought to recover the value of a horse which had been killed by the defendant, the defendant in justification of his act proved that he was an officer of the American Society for the Prevention of Cruelty to Animals; that the horse was found abandoned, and that in the judgment of two reputable citizens, called by him to view the animal in his presence, the horse appeared to be injured past recovery for any useful purpose.

*Held,* that it was incumbent upon the defendant in order to establish his defense to prove the fact that the horse was injured past recovery for any useful purpose; that the determination of such fact by two reputable citizens called to examine the horse, as required by section 656 of the Penal Code, was not conclusive upon the owner thereof; that before there could be such a conclusive determination as would result in depriving the owner of his property he was entitled to a hearing.

APPEAL by the defendant, Theodore E. Scholle, from a judgment of the County Court of Queens county, entered in the office of the clerk of the county of Queens on the 15th day of March, 1895, upon the verdict of a jury rendered after a trial at the Queens County Court, and also from an order entered in said clerk's office on the 15th day of March, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Jay S. Jones* and *George F. Elliott,* for the appellant.

*Clarence Edwards,* for the respondent.

BROWN, P. J.:

This action was brought to recover the value of a horse which was killed by the defendant. In justification of his act the defendant proved that he was an officer of the American Society for the Prevention of Cruelty to Animals, and alleged that the horse was found abandoned, and in the judgment of two reputable citizens,

called by him to view the animal in his presence, appeared to be injured past recovery for any useful purpose. (Penal Code, § 656.)

It was incumbent upon the defendant, in order to establish his defense, to prove the fact that the horse was injured past recovery for any useful purpose. The determination of such fact by two reputable citizens called to examine the horse, as required by the statute, was not conclusive upon its owner. Before there could be such a conclusive determination as would result in depriving the owner of his property he was entitled to a hearing. In that way only can acts of the Legislature conferring upon public officers the right to destroy private property be harmonized with the constitutional provision securing to every person due process of law before his property can be interfered with. A person whose property has been destroyed by a public officer, acting pursuant to a statutory authority, without notice to the owner may always, therefor, have his common-law action for damages, and if he can prove that the fact which authorizes the officer to act did not exist, he is entitled to a judgment. This subject has recently been examined in the Court of Appeals, and the law applicable to the case stated in *People ex rel. Copcutt* v. *Board of Health* (140 N. Y. 1).

The court properly charged the jury upon the subject, and the exception thereto was not well taken. Upon the facts, however, there should be a new trial. The horse was shot by the defendant on June 22, 1893, about four o'clock in the afternoon, in a vacant lot some distance from the highway and from the plaintiff's stable. The plaintiff testified that he cleaned the horse in the morning and that he was then all right and had not been used for two days. He did not see him again until after he had been shot, and he then discovered no wound upon him except a small scar over the left eye. That he procured other people to examine him, among them Dr. Brooks, a veterinary surgeon. He, however, called none of those witnesses and gave no reasonable excuse for failing to produce them at the trial. On the other hand, the defendant called six witnesses, all of whom appeared to be wholly disinterested, and who testified that the horse was in an emaciated condition, having bruises about the head and body, which were raw and bloody. That he was lying down among a lot of stones and was unable to get upon his feet. The evidence upon the part of the defendant left, we think,

no room to doubt but that the horse was past recovery, and was in such a condition as to justify the defendant in killing him.

For these reasons the judgment and order should be reversed and a new trial granted, with costs to abide the event.

DYKMAN and PRATT, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.