## J. HENRY TAYLOR *vs.* ANNA J. LOVERING.

Suffolk. March 21, 1898. — May 20, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Guardian and Ward — Writ of Error — Service of Writ — Guardian ad Litem.*

A petition for a writ of error to reverse a judgment against a ward should be brought in the name of the ward, by his guardian or next friend.

There is no statute which permits the service of a writ against an insane person who is under guardianship to be made upon the guardian instead of upon the ward.

The practice is to require the same service upon infants, or upon persons under guardianship or of unsound mind, as upon other defendants, and then to give notice of the proceedings to the guardian, if there be any, and he does not appear without notice ; and if the guardian does not appear and defend the action in the name of his ward, or if there is no guardian, a guardian *ad litem* should be appointed for that purpose.

The practice of appointing guardians *ad litem* prevails in this Commonwealth in actions at law as well as in suits in equity.

WRIT OF ERROR, filed December 6, 1897, to reverse a judgment of the Superior Court rendered in an action of contract by the defendant in error against the plaintiff in error.

At the hearing, it appeared that the writ in the original action was dated July 15, 1897, and was returnable on the first Monday

of September, 1897; that on July 16 and on July 19, 1897, certain property of the defendant Taylor was attached; that no service of the writ was made upon him, and that the writ was entered in the Superior Court without service upon him; that after the entry of the writ a certain order of notice, returnable on the first Monday of October, 1897, was issued by the court, directed to the defendant Taylor; that it was never served on him, but on September 18, 1897, the officer made a return thereon, stating that Taylor was confined in an insane asylum, and that he could not make service upon him, but "gave notice to Joseph Middleby, guardian of said defendant, by leaving at his last and usual place of abode a true and attested copy of the within order"; that annexed to the officer's return was a letter from the superintendent of the McLean Hospital, stating in substance that Taylor was there confined and hopelessly insane; that no appearance for the defendant was entered, and on October 19, 1897, the plaintiff moved that Taylor be defaulted for want of appearance and answer, which motion was allowed; that it did not appear that any notice of the making of the motion, or of its allowance, was given to any person representing Taylor; that on the first Monday of November, 1897, judgment was entered against Taylor in the sum of $1,577.38; and that Joseph Middleby was appointed guardian of Taylor on July 15, 1897.

*J. J. Feely*, for the plaintiff in error.

*S. W. Forrest*, for the defendant in error.

FIELD, C. J.  In *Hicks* v. *Chapman*, 10 Allen, 463, 464, it is said of the office of guardian: "It is created by statute, and is in some respects unlike the office of guardian as it has existed by the common law in England.  Guardians are not, like executors, administrators, or trustees, invested with a legal title to the property which is placed under their care; but they have a naked power, not coupled with an interest.  The debts of the ward remain his, so that, though he has no power to pay them, yet he, and not the guardians, must be sued upon them. *Brown* v. *Chase*, 4 Mass. 436.  If they defend actions brought against him, they must defend in his name and not in their own.  If they bring actions, it must be in his name and not in their own, and the judgment is in his name.  The proper discharge of their duties does not require them to subject them-

selves to any personal litigation or liability for costs. It is true that they may make contracts in their own names, and such contracts bind themselves, but do not bind either the ward or his estate. *Thacher* v. *Dinsmore*, 5 Mass. 299. *Forster* v. *Fuller*, 6 Mass. 58. *Jones* v. *Brewer*, 1 Pick. 314. *Whiting* v. *Dewey*, 15 Pick. 428. *Spring* v. *Woodworth*, 4 Allen, 326." See also *Kavanaugh* v. *Kavanaugh*, 146 Mass. 40.

In the present case, therefore, the petition for the writ of error should have been brought in the name of the ward, by his guardian or next friend. The writ of error as actually issued contains the proper parties. The guardian was not a party, and could not properly have been made a party, to the original suit. *Lombard* v. *Morse*, 155 Mass. 136. See *Richmond* v. *Adams National Bank*, 152 Mass. 359.

There is no statute which permits the service of a writ against an insane person who is under guardianship to be made upon the guardian instead of upon the ward, and there was therefore no sufficient service of the writ upon the defendant in the original action. The Superior Court, on being informed that the defendant was an insane person under guardianship in this Commonwealth, properly ordered notice of the pendency of the action to be given to the guardian, and if the guardian had appeared in the action in the name of the defendant this probably would have cured the want of service upon the defendant. In *Whitcomb* v. *Jacobs*, 9 Gray, 255, it is said that the guardian should be made a party to the proceedings, but this, we think, is not strictly true in our practice ; he should have notice of the proceedings. *White* v. *Palmer*, 4 Mass. 147. If the guardian having notice of the pendency of the suit does not appear and defend it in the name of his ward, a guardian *ad litem* should be appointed for that purpose. See *Emery* v. *Parrott*, 107 Mass. 95.

In the chancery practice in England, process must first be served on an infant before a guardian *ad litem* can be appointed ; and this is said to be the general practice in suits against an idiot or lunatic, who has been found to be of unsound mind by inquisition. Substituted service upon the keeper of an asylum where a lunatic is confined has there been allowed in equity when service upon the patient would be injurious to him. In some of the States, service upon a committee

or upon a guardian has been held sufficient. The cases in equity on this subject are collected in 1 Dan. Ch. Pl. & Pr. (6th Am. ed.) by Gould, 161 *et seq.* and notes, 176 *et seq.* and notes.

As our statutes concerning the service of writs and subpœnas, Pub. Sts. c. 161, §§ 29–37, contain no special provisions for service upon infants, or upon persons under guardianship or of unsound mind, the practice here, we think, has been to require the same service on them as upon other defendants. We think that this is the proper practice. Although service on an infant or on a person of unsound mind sometimes would seem to be useless, it often would be difficult to determine whether in fact it would be so or not, and it is a convenient practice to require service according to the statutes in every case, and not to appoint a guardian *ad litem* until this has been done. The practice of appointing guardians *ad litem* prevails here in actions at law, as well as in suits in equity. As there was no service of any kind upon the defendant in the original suit, and as his guardian, who was authorized by law to appear for him, did not appear in the suit, and as no guardian *ad litem* was appointed, even if it were true that such a guardian could have been appointed without service of process upon the defendant, we are of opinion that the judgment should be reversed. An insane defendant ought not to be defaulted for want of an appearance and answer to the suit. See *Van Horn* v. *Hann,* 10 Vroom, 207 ; *Sturges* v. *Longworth,* 1 Ohio St. 544 ; *Lamprey* v. *Nudd,* 29 N. H. 299, 303 ; *Allison* v. *Taylor,* 6 Dana, 87 ; *Swan* v. *Horton,* 14 Gray, 179 ; *Davenport* v. *Davenport,* 5 Allen, 464 ; *Denny* v. *Denny,* 8 Allen, 311 ; *Emery* v. *Parrott,* 107 Mass. 95.

*Judgment reversed.*