The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.

---

CLARENCE EDWARDS, Appellant, *v.* EDWARD M. LAW, JR., Respondent.

*Trespass — an entry by a civil engineer upon land in New York city, for the purpose of making a city map, is not a trespass — the Greater New York charter need not be pleaded.*

A civil engineer in the employ of the board of public improvements of the city of New York, who under the direction of the president of that board enters upon premises for the purpose of making a survey, preliminary to making a map of the city of New York as provided by the Greater New York charter (Laws of 1897, chap. 378), is not guilty of a trespass unless he abuses his authority.

The Greater New York charter is a public statute and need not be pleaded by the engineer in order to entitle him to justify thereunder.

APPEAL by the plaintiff, Clarence Edwards, from a judgment of the Municipal Court of the city of New York, borough of Queens, in favor of the defendant, rendered on the 28th day of March, 1901, upon the decision of the court.

*Clarence Edwards*, appellant, in person.

*John Whalen*, *Corporation Counsel* [*James T. Malone* and *Samuel K. Probasco* with him on the brief], for the respondent.

Judgment of the Municipal Court affirmed, with costs, on the opinion of Justice RASQUIN.

All concurred.

RASQUIN, J.:

This action is brought to recover damages for an alleged trespass by the defendant upon the property of the plaintiff at Elmhurst, second ward of the borough of Queens.

The plaintiff is the owner of certain premises at Elmhurst, upon which stands his residence. The premises are inclosed by a fence.

On the 9th day of January, 1901, the defendant, who is a civil engineer in the employ of the board of public improvements of the city of New York (in the topographical bureau), entered upon the premises under the direction of the president of the board of public improvements, to make measurements and a survey, for the purpose of making a map of that part of the city of New York. The plaintiff ordered the defendant and his associates to immediately remove from the premises; the defendant having shown his badge and authority, stated that he was in the employ of the topographical bureau, declined to comply with the plaintiff's request and continued his work. For this act the plaintiff claims a trespass was committed.

It is conceded that no actual damage was done to the premises by the defendant and nominal damages only are sought. The defendant admits entering upon the premises and doing the work, but alleges that it was in due form and under authority of law as provided by the provisions of the Greater New York charter. (Laws of 1897, chap. 378.) The plaintiff, however, insists that proof of justification is not permissible, as the statute was not pleaded. I do not think that it was necessary to plead the provisions of the Greater New York charter to establish justification as the said charter is a public statute (§ 620) and as such need not be pleaded. (*McHarg* v. *Eastman*, 7 Robt. 137.) It is only a private statute or a right derived therefrom that should be pleaded. Code Civ. Proc. § 530.)

The courts have gone so far as to hold that where a statute is neither private nor local it must be regarded as public to that extent, and susceptible of judicial cognizance without having been pleaded. (*Bretz* v. *Mayor*, 6 Robt. 325.)

The question then arises, did the defendant, he being a public

officer, and having authority by law to enter the premises of the plaintiff, abuse such authority, so as to create a trespass?

The defendant, under the direction of the president of the board of public improvements, was engaged in obtaining a survey and establishing lines of lands in the immediate neighborhood of the plaintiff's property, for the purpose of making and laying out the map under sections 432, 433, 434, 436 and 444 of the Greater New York charter.

It does not appear from the evidence that he abused the authority which gave him permission to enter the premises of the plaintiff, and I think it was incumbent upon the plaintiff to show that such authority was abused before he can charge the defendant with trespass.

I do not think the act of the defendant is one that comes within the rule of taking property from the owner without just compensation. A survey and other preliminary steps are not such a taking.

As is said in Dillon on Municipal Corporations (4th ed. § 614): Preliminary surveys may be authorized by the Legislature without making compensation therefor, and they, when so authorized, are not trespasses (*Bloodgood* v. *Mohawk & Hudson R. R. Co.*, 14 Wend. 51.)

In this case although reversed in 18 Wendell, 9, the Chancellor said (at p. 17): "I do not mean to be understood that the legislature may not authorize a mere entry upon the land of another for the purpose of examination or of making preliminary surveys, &c., which would otherwise be a technical trespass, but no real injury to the owner of the land, although no previous provision was made by law to compensate the individual for his property, if it should afterwards be taken for the public use."

I do not think the case of *Sahr* v. *Scholle*, 89 Hun, 42, cited by the plaintiff's attorney, comes within the rule. That was a case where personal property was actually taken by an agent of a corporation under a private statute. Under such circumstances the taking of property must be justified, and the burden of proof is upon the party so taking to plead the statute and justify his act. The rule, however, is different under a public statute, as before stated.

I am of the opinion that no trespass was committed by the defendant, and he is, therefore, entitled to judgment.

Let judgment be entered accordingly.