Davis, J.
On the 7th day of* September, 1905, Wood Stuard shot and killed Horace G. Porter, both being residents of Morgan county; and thereafter by indictment Stuard was charged with murder in the first degree. On November 28, 1905, a jury found that the accused was then not sane and,- as provided by statute, he was removed to the State Plospital for the Insane at Athens, in Athens county. Dal. P. Stuard, brother of the accused, was appointed and qualified as guardian of the person and estate of Wood Stuard on December I,' 1905.
On December 2, 1905, the defendant in error filed his petition in the court of common pleas of Morgan county against Wood Stuard and Dal. P. Stuard as guardian of said Wood Stuard, praying for judgment in damages against the defendants for the wrongful death of the plaintiff’s decedent. On the same day summons for the defendant, Wood Stuard, was issued and directed to the sheriff of Athens county. On December 4, *3 1905, Dal. P. Stuard, as guardian of Wood Stuard, waived, in writing, the issue and service of summons in said action and entered his appearance thereto. On the same day, December 4, 1905, the sheriff of Athens county served the summons on Wood Stuard and also on the superintendent of the Athens State Hospital for the Insane, having the custody of said Wood Stuard, by personally handing to each of them a certified copy of the summons with all the endorsements thereon.
On December 30, 1905, the guardian of Wood Stuard demurred to the plaintiffs petition, maintaining that there was a misjoinder of parties defendant and that the petition did not state facts sufficient to constitute a cause of action; and thereafter, on February 19, 1906, the plaintiff dismissed, without prejudice, the action as 'to the guardian only. Subsequently, March 22, 1906, the guardian again appeared in court and asked leave to withdraw the demurrer, which leave was granted; and on the next day the guardian filed a motion-to quash the service of summons which had been made upon Wood'Stuard, December 4, 1905, by the sheriff of Athens county, which motion was sustained by the court of common pleas. Thereupon a summons was issued to the sheriff of Morgan county for Wood Stuard, which was served upon Wood Stuard at the Athens State Hospital in Athens county, by the sheriff of Morgan county. A motion to quash that service was sustained by the court of common pleas and on motion by .the guardian of Wood Stuard the petition of plaintiff was dismissed by- the court. On a petition in er *4 ror the circuit court, sitting in and. for Morgan county, reversed the judgment of the court of common pleas and remanded the cause for further proceeding's. It is now claimed here by the plaintiff in error that the judgment of the circuit court should.be reversed and the judgment of the court of common pleas affirmed.
The question to be determined is whether there was a legal service of summons upon the insane defendant, Wood Stuard, or if not, whether the court had obtained jurisdiction of his person through the guardian.
Two facts must be, and practically are, conceded, viz.: that Dal. P. Stuard is the legally appointed guardian of Wood Stuard and that at the time of the appointment of his guardian both Wood Stuard and his guardian were residents of Morgan county. It cannot be presumed, from the circumstances of this case, that when the ward was removed to the state hospital in Athens county, there was any intention on the part of himself or anybody else to change the place of his legal residence. In fact, the change of location was involuntary and for a temporary purpose and he was in law incapable of making a voluntary change of residence. In case of his recovery it is made the duty of the officers of the law to return him to his home in the county from which he was sent. (Sections 7243 and 709, Revised Statutes.) These considerations lead to the conclusion that Wood Stuard not only was, but now is, a legal resident of Morgan county.
The statutes of this state do not specifically prescribe any particular method for service of sum *5 mons upon an insane defendant. Ordinarily the service of summons upon a defendant would be by leaving a true copy of the writ at his usual place of residence or by delivering a copy to the defendant in person. Neither of these modes of service was adopted in this case and we are thus led to the inquiry, whether the court of common pleas has acquired .jurisdiction of the person of Wood Stuard in any other manner.
Waiving consideration of the proposition that the guardian of an insane person is not a necessary party defendant in an action of this kind, it seems to us very clear that he is at least a proper party. Our code of civil procedure, in the chapter entitled “Parties to Actions,” provides that “the defense of an insane person must be by his legally appointed guardian,” or in certain cases by a trustee for the suit appointed by the court. (Section 5000, Revised Statutes.) Elsewhere our statutes (Sections 6304, 6269, par. 5, Revised Statutes) make it the duty of a guardian for a lunatic “to appear for and defend, or cause to be defended, all suits against such ward.” Not only is the duty to appear for and defend distinguished by the statute from causing a defense to be made, but it would seem that the very act of appearing and' defending would involve the necessity of filing all necessary pleadings in the case, and to do any of these required things implies notice to the guardian. No mode of notifying the guardian is provided. Can it be said to be illegal to serve him as a party with summons along with his ward? The guardian cannot be a merely nominal party, lacking anv substantial *6 interest, in a controversy of this kind. His ward’s estate is not bound by a debt or lien existing before the guardianship. The liability for a tort becomes a lien only from the date of judgment; and the plaintiff was not an ascertained creditor whom the guardian, was bound to recognize in the administration of his ward’s estate. Evans et al. v. Lewis, 30 Ohio St., 11. The guardian was therefore not merely required by law to see that a defense was made, but he was interested as a trustee to the extent that it was his duty to see that the trust estate was not unduly burdened. Hence, if .he was not a necessary party to the action he was at least a proper party defendant; and so the authorities seem to hold.
In 22 Cyc., 1224, the law is stated thus: “An insane person may be sued the same as a sane person. At common law the rule was the same after inquisition of lunacy and the appointment of a guardian or committee; but. now if there be a committee or guardian it is generally necessary to join him as a party defendant.”
In 10 Ency. PI. & Prac., 1228, we find this: “If the party be under the management of a committee or .guardian, service of process should be upon the committee, or upon • both the committee and the lunatic.”
In 9 Ency. PI. & Prac., 935, yve read the following: “Although it may not be necessary in all cases to make the guardian a party to an action or proceeding affecting the ward solely, yet it is usually proper to do so, that he may protect the ward’s interests.” *7 In Carter v. Burrall, 80 N. Y. App. Div., 395, the court held that the committee of a lunatic, if he so elects, is entitled to come in and defend an action against his ward, and if he declines to do so, the plaintiff may apply for leave to make him a party defendant.
The Supreme Court of Massachusetts, in Whitcomb v. Jacobs, 9 Gray, 255, said that a guardian should be made a party to proceedings against the ward; but the same court in Taylor v. Lovering, 171 Mass., 303, remarked that “this is not strictly true; he should have notice of the proceedings.5'’ This is in effect saying that it is not necessary to make the guardian a formal party, but the court does not go to the extent of saying that he would be an improper party. However, the court did hold that the court below, “on being informed that the defendant was an insane person, under guardianship in this commonwealth, properly ordered notice of the pendency of the action to be given to the guardian, and if the guardian had appeared in the action in the name of the defendant, this probably would have cured the want of service on the defendant.55 We shall refer to this further on.
The Supreme Court of Illinois impliedly held that the guardian of an insane person,- who had been made a defendant and served with process, was a proper party; because it held that, being made a party he might take an appeal for the ward, notwithstanding the cause had been defended by a guardian ad litem who might also have appealed. Sill v. Sill, 185 Ill., 594.
*8 Both the lunatic himself and his legally appointed guardian being residents of Morgan county and the latter being a proper party to the action, this action against both was rightly brought in that county (Section 5028, Revised Statutes), and the mode of service is clearly provided for in Section 5035, Revised Statutes. Jurisdiction of the person of the guardian was obtained by waiver of process and entry of appearance by him. Possibly, as suggested by the Supreme Court of Massachusetts, Taylor v. Lovering, supra, this may have cured a want of service on the insane defendant himself; but we need not resort to that extremity in this case. Under the statute, summons was properly directed to the sheriff of Athens county, which was personally served on the insane defendant in that county. The court had jurisdiction of the person as to both the ward and the guardian from that time until the dismissal without prejudice as to the guardian, a period of more than two months. The dismissal from the case of the guardian, if he was a proper party in the first instance, could not affect the jurisdiction over the person of the ward already properly acquired. Its only effect would be to dispense with the presence of the guardian as a party until, at some future stage of the action, the court should find it necessary to bring him in again.
It follows that the judgment of the court of common pleas quashing the service made on Wood Stuard by the sheriff of Athens county and the judgment of that court dismissing the plaintiff’s petition for want of jurisdiction over the person *9 of the defendant were erroneous; and the judgment of the circuit court is therefore

Affirmed.

Price, C. J., Shaück, Crew, Summers and Spear, JJ., concur.