EDITH R. REYNOLDS *vs.* FRANK E. REMICK & others, trustees, & others.

Norfolk. January 5, 1951. — June 4, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Probate Court*, Notice, Accounts, Jurisdiction, Parties. *Guardian*, Guardian ad litem. *Trust*, Trustee's accounts. *Minor. Notice.*

Upon an application for the allowance of an account of a trustee under a will, the intent disclosed by an appointment of a guardian ad litem reading, "Whereas . . . it appears that there may be persons unborn or unascertained who are or may become interested in said account; — who are or may become interested in said account are legally incompetent to act in their own behalf, and have no legal guardian other than the accountant; therefore . . . [a certain person] is hereby appointed to act as guardian ad litem or next friend for such persons," was to appoint the guardian ad litem for both "persons unborn or unascertained" and persons who "are legally incompetent to act in their own behalf."

Both notice "to all persons interested" and the appointment of a guardian ad litem for persons unborn, unascertained or legally incompetent were required by G. L. (Ter. Ed.) c. 206, § 24, as appearing in St. 1938, c. 154, § 1, upon an application to a Probate Court for allowance of an account.

Upon an application to a Probate Court for the allowance of an account of a trustee under a will, a girl under three years of age having a contingent interest in the trust estate was entitled to notice of the pendency of the proceeding under G. L. (Ter. Ed.) c. 206, § 24, as appearing in St. 1938, c. 154, § 1; and for want of such notice the court had no jurisdiction over her, either to appoint a guardian ad litem to represent her interest or to allow the account upon the assent thereto of the purported guardian, and she was not bound by a decree allowing the account.

The facts, that the parents of a girl under three years of age interested in an account filed in a Probate Court by a trustee under a will knew of the account, that the girl's mother assented to it as one interested therein, and that the girl lived with her parents, did not dispense with the requirement of G. L. (Ter. Ed.) c. 206, § 24, as appearing in St. 1938, c. 154, § 1, that notice be given to the girl of a proceeding for the allowance of the account.

The "notice" referred to in Rule 3 of the Probate Courts (1934) is merely notice of the proposed appointment of a guardian ad litem, not notice of the pendency of the proceeding.

A petition on behalf of a minor to revoke a decree of a Probate Court allowing an account should be brought in the name of the minor.

PETITION, filed in the Probate Court for the county of Norfolk on February 14, 1950, for revocation of a decree allowing an account.

The case was heard by *Reynolds*, J., who dismissed the petition. The petitioner appealed.

*F. M. Schlater* of New York, (*D. J. O'Connor* with him,) for the petitioner.

*P. C. Reardon*, (*L. L. Wadsworth, Jr.*, with him,) for the respondents.

QUA, C.J. This is a petition, filed in the Probate Court February 14, 1950, for revocation of a decree entered in that court April 14, 1941, allowing the first account of Alice M. Remick and others as trustees under the will of Alfred H. Remick, late of Quincy. The respondents are three of the trustees who filed the account and the executors of a fourth trustee, deceased since the account was allowed.

The petitioner describes herself as "Natural Guardian and Mother and Next Friend of Nancy Reynolds." Nancy Reynolds, child of the named petitioner, was born July 15, 1938, and was therefore under three years of age when the account was allowed. She had a contingent interest in the trust fund in the event of the death of her mother before distribution. The account was assented to by all beneficiaries entitled at the time of its allowance to receive income under the trust, including the present named petitioner, Edith R. Reynolds. No citation ever issued upon it. There was, of course, no service of any kind, not even by publication, upon the minor Nancy Reynolds. The accounting

trustees knew that Nancy Reynolds was the daughter of Edith R. Reynolds, and that she had been born in 1938. Nancy was not a person unborn or unascertained. Before allowing the account the Probate Court appointed a guardian ad litem, who assented to the allowance of the account.

There is a preliminary question whether the guardian ad litem was appointed for minors or only for persons unborn or unascertained. The question arises from confusion in the wording of the appointment itself, due probably to failure to make proper cancellations from, and insertions in, the printed form. As they appear in the record the words read, "Whereas . . . it appears that there may be persons unborn or unascertained who are or may become interested in said account; — who are or may become interested in said account are legally incompetent to act in their own behalf, and have no legal guardian other than the accountant; therefore John D. Smith of Quincy in the County of Norfolk is hereby appointed to act as guardian ad litem or next friend for such persons . . . ." We think the intent was to appoint the guardian ad litem for two general classes of persons, (1) "persons unborn or unascertained" and (2) persons who "are legally incompetent to act in their own behalf." The same need for a guardian ad litem would exist in each class. If the intent had been to appoint only for persons unborn or unascertained, there would have been no occasion whatever for further describing those same persons as incompetent to act in their own behalf, and it would have been strange indeed to add that they had no legal guardian other than the accountant. If the words used disclose the intent with reasonable certainty, that intent ought not be defeated because of faulty arrangement or ungrammatical sentence structure. See *Fickett* v. *Boston Firemen's Relief Fund,* 220 Mass. 319, 320; *Radio Corp. of America* v. *Raytheon Manuf. Co.* 300 Mass. 113, 117; *Frye* v. *School Committee of Leicester,* 300 Mass. 537, 538; *Lehan* v. *North Main Street Garage, Inc.* 312 Mass. 547, 550; *Commissioner of Corporations & Taxation* v. *Assessors of Boston,* 324 Mass. 32, 36.

The principal question in the case is whether the decree allowing the account is binding upon the minor Nancy, when no notice whatever was given to her of the pendency of the proceeding for its allowance. This is substantially the same as the question which was left open in *Young* v. *Tudor,* 323 Mass. 508, 516. The respondents contend that since a guardian ad litem was appointed for minors, and he assented to the allowance of the account, no notice to any minor was necessary. They cite G. L. (Ter. Ed.) c. 215, § 47, which provides that "notice required in any proceeding in a probate court may be dispensed with if all parties entitled thereto assent in writing to such proceeding or waive notice." A subsidiary question therefore is. whether the court had sufficient personal jurisdiction over Nancy to appoint for her a guardian ad litem who could assent.

. It may be well to begin with the statute which at the time of the allowance of the account prescribed the notice to be given. That statute was G. L. (Ter. Ed.) c. 206, § 24, as appearing in St. 1938, c. 154, § 1.[1] So far as here material, it read, "Upon application for the allowance of an account filed in the probate court, such notice as the court may order shall be given to all persons interested. If the interest of a person unborn, unascertained, or legally incompetent to act in his own behalf, is not represented except by the accountant, the court shall appoint a competent and disinterested person to represent his interest in the case. . . . After final decree has been entered on any such account it shall not be impeached except for fraud or manifest error." Obviously by its terms the statute required *both* notice "to all persons interested" *and* the appointment of a guardian ad litem for persons legally incompetent to act in their own behalf. There is nothing in the statute suggesting that observance of one of these requirements will make unnecessary observance of the other. The form of the statute is mandatory as to both. Nancy was a person interested in the account, although her interest was a contingent one. *Young*

---

[1] Many changes of the greatest importance were made in this section by St. 1950, c. 413, which, however, is not applicable to the present case.

v. *Tudor*, 323 Mass. 508. It inevitably follows that she was entitled to notice.

There is nothing unusual in the idea that a minor, like any other defendant or respondent, must be served with process before a judgment can be passed against him. It is the general rule that he must be so served. In *Taylor* v. *Lovering*, 171 Mass. 303, at pages 305–306, after first mentioning the chancery practice in England requiring service of process upon an infant before a guardian ad litem can be appointed (see Daniell's Chancery Practice [8th ed.] 110–111), the court said, "As our statutes concerning the service of writs and subpoenas . . . contain no special provisions for service upon infants, or upon persons under guardianship or of unsound mind, the practice here, we think, has been to require the same service on them as upon other defendants. We think that this is the proper practice. Although service on an infant or on a person of unsound mind sometimes would seem to be useless, it often would be difficult to determine whether in fact it would be so or not, and it is a convenient practice to require service according to the statutes in every case, and not to appoint a guardian ad litem until this has been done." See also *McKenna* v. *McArdle*, 191 Mass. 96, 99. It must now be regarded as settled that the statute here involved required notice of proceedings for the allowance of accounts to be given to feeble minded persons, spendthrifts, and insane persons before guardians ad litem could be appointed for such persons and before the accounts could be allowed. *King* v. *Stowell*, 211 Mass. 246, 252. *Waitt* v. *Harvey*, 312 Mass. 384, 397. *Burnett* v. *Williams*, 323 Mass. 517, 521. See *Anagnostopoulos* v. *Anagnostopoulos*, 307 Mass. 493, 494–495. Whatever differences may exist in the condition or status before the law of feeble minded persons, spendthrifts, and insane persons on one hand and that of minors on the other, there is nothing to justify us in drawing a distinction between these classes of legally incompetent persons in the matter of notice of the proceedings under the statute which here controlled, G. L. (Ter. Ed.) c. 206,

§ 24, as appearing in St. 1938, c. 154, § 1. No such distinction was drawn in what was said in *Taylor* v. *Lovering*, 171 Mass. 303, 305–306, about the general practice in courts of the Commonwealth, and, more important, no such distinction was drawn in the statute itself, where all persons "legally incompetent to act" in their own behalf were classified together, and where notice of the proceeding was required "to all persons interested." The overwhelming weight of authority in other jurisdictions holds that the appointment of a guardian ad litem for an infant does not do away with the necessity of service of process upon the infant according to law.[1]

Our attention has been directed to the supposed folly of requiring ordinary service of process upon an infant in arms. Little is said in this connection about the minor of twenty who as a practical matter may be fully competent to profit from the service of process upon him. But even as to the small infant we would say, in addition to what was said in *Taylor* v. *Lovering*, 171 Mass. 303, 306, previously quoted, that usual forms of service, instead of being useless, are likely to be effective, since small children are almost invariably in the immediate care of others who are concerned with their welfare and into whose hands the citation would in all probability fall. The other side of the picture is that if there were to be no service upon minors, it would be entirely possible and would occasionally occur that minors would be deprived of their proper shares in estates and trusts without any knowledge by the minors them-

---

[1] *Jackson* v. *Putman*, 180 Ala. 39. *Gannon* v. *Moore*, 83 Ark. 196, 201–202. *Akley* v. *Bassett*, 189 Cal. 625, 639. *Standard Oil Co.* v. *Mehrtens*, 96 Fla. 455, 471–476. *Thurman* v. *Roberts*, 200 Ga. 43. *Trevor* v. *Colgate*, 181 Ill. 129, 131. *Voyles* v. *Hinds*, 186 Ind. 38. *Sleeper* v. *Killion*, 166 Iowa, 205, 211. *Suter Bros.* v. *Hebert*, 133 Kans. 262, 263–265. *Adams* v. *Security Trust Co.* 302 Ky. 287. *Spears* v. *Spears*, 173 La. 294, 302. *Phelps* v. *Heaton*, 79 Minn. 476. *Frank* v. *Webb*, 67 Miss. 462. *Wright* v. *Hink*, 193 Mo. 130. *Crouter* v. *Crouter*, 133 N. Y. 55, 61. *Darrow* v. *Calkins*, 154 N. Y. 503, 513. *Hughes* v. *Pritchard*, 153 N. C. 135. *Paulin* v. *Sparrow*, 91 Ohio St. 279, 294. *Taylor* v. *Scott*, 83 Okla. 30, 31. *In re Stroman's Estate*, 178 Ore. 100, 120. *Lanham* v. *Bomar*, 123 S. C. 483. *Taylor* v. *Walker*, 48 Tenn. 734. *Ginn* v. *Southwest Bitulithic Co.* 149 S. W. (2d) 201 (Texas Civ. App.). *French* v. *Pocahontas Coal & Coke Co.* 87 W. Va. 226. *Helms* v. *Chadbourne*, 45 Wis. 60. *Insurance Co.* v. *Bangs*, 103 U. S. 435. See cases cited in 1 A. L. R. 922–937 and in 27 Am. Jur., Infants, 856. Compare *Bell* v. *Bell*, 44 Ariz. 520.

selves or by their natural protectors that any proceedings were pending. However faithful most guardians ad litem may be, it seems to us unnecessary and unwise and not in accordance with the statute to permit such a situation to exist. See *Allen* v. *Shields*, 72 N. C. 504, 506–507; *Campbell* v. *Campbell*, 63 Ill. 462; *Shaw* v. *Gregoire*, 41 Mo. 407, 412–416. In a number of jurisdictions service directly upon small children has been obviated by statutory provisions that service upon a minor under fourteen years of age may be made by service upon his parents, or upon his general guardian, or upon the persons with whom he lives. A somewhat similar provision is contained in § 24, as revised by St. 1950, c. 413, but there was nothing of the kind in § 24 as it existed when this account was allowed.

To sum up what has been said: in order to hold with the respondents in this case, we should be obliged to close our eyes to a clearly expressed requirement of the statute, to abandon the general principles set forth in *Taylor* v. *Lovering*, 171 Mass. 303, 306, to contradict a series of decisions upon the same statute in the analogous cases of other classes of persons incompetent to act in their own behalf, to reject the vast weight of authority in other jurisdictions, and to accept a form of practice which we regard as loose and dangerous. We decline to take this course. We hold that the court had no jurisdiction over Nancy Reynolds, either to appoint a guardian ad litem for her or to allow the account upon the assent of the purported guardian ad litem. *Waitt* v. *Harvey*, 312 Mass. 384, 397. *Burnett* v. *Williams*, 323 Mass. 517, 521. *Nazro* v. *Long*, 179 Mass. 451, 455. *Hellier* v. *Loring*, 242 Mass. 251. *Bell* v. *Swift*, 322 Mass. 145, 146.

The intriguing argument is made that since both Nancy's father and mother knew of the account and the mother assented to it, and since they were the persons to whom notice would have come and who would naturally have taken steps to protect Nancy's interest if she had been served, she had every advantage which she would have had if a citation had been formally served upon her. The

record is silent as to whether in fact Nancy was living with her parents, but if we assume the normal relationship the argument in substance is that even though the law required notice of the proceeding to be given to Nancy, such notice might be dispensed with if it appeared to the court that no harm was done. This is equivalent to arguing that the service of the writ in an action of tort can be dispensed with if it appears that the defendant already knows of the action, or, if the defendant is a minor, that his parents already know of it. It is a novel doctrine which we are unable to accept. Restatement: Judgments, § 6, comment d.

Mention has also been made of Rule 3 of the Probate Courts (1934).[1] This rule has no bearing upon the case. The context shows that the "notice" referred to in the rule is not the notice of the pendency of the proceeding but is merely notice of the proposed appointment of a guardian ad litem. There has been some difference of opinion as to whether notice of the proposed appointment is necessary. See *Welch* v. *Fox*, 205 Mass. 113; 1 A. L. R. 937–939. The rule is not an attempt to do away with notices of the pendency of proceedings required by statutes to be given. If it were, it could not succeed.

The respondents the executors of the will of the deceased accountant Herbert E. Curtis further contend that they are protected against this proceeding by the special statute of limitations, G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4, and by the allowance of their account as executors. The sole effect of this decision, however, is to revoke as to the minor Nancy Reynolds the decree of the Probate Court allowing the trustees' account because of failure to lay a proper foundation for jurisdiction over her. Whatever rights the executors may have at the time of the final settlement of the accounts of the trust can be considered at that time. Such rights are not involved in this

---

[1] This rule, so far as material, reads, "In addition to making appointments of guardians ad litem in cases required by statute, whenever it shall appear that a minor is interested in any matter pending, a guardian ad litem for such minor may be appointed by the court at its discretion, with or without notice."

proceeding, and we imply nothing as to any such rights. See *Porotto* v. *Fiduciary Trust Co.* 321 Mass. 638, 644–645.

The present petition is wrongly brought in the name of Edith R. Reynolds. It should have been brought in the name of Nancy Reynolds, the minor, by Edith R. Reynolds her next friend. *Chase* v. *Faulkner*, 307 Mass. 404, 407. The defect is the merest matter of form and should be cured by amendment.

If, within sixty days after the date of the rescript, a motion is presented to the Probate Court substituting Nancy Reynolds as the party petitioner, the motion is to be allowed, the final decree is reversed, and a new final decree is to be entered revoking as to Nancy Reynolds the decree allowing the trustees' account. If no such motion is presented, the decree is affirmed.

*So ordered.*