PHILIPINE PFEIFFER, as Administratrix &c. of Peter Pfeiffer, deceased, Appellant, *against* JOSEPH WEIS-HAUPT, as Treasurer of the German Oak Lodge No. 82 I. O. O. F., Respondent.

THE SAME, Appellant, *against* JOHN JOERGES, as President of the Mount Horeb Encampment No. 7 I. O. O. F., Respondent.

(Decided April 13th, 1885).

Where, under the constitution and by-laws of a benevolent association, charges are preferred against a member who is apparently and actually of unsound mind, his failure to appear and answer is not excused by his insanity, and the association may regularly proceed, according to its laws, to convict him of neglect to appear and punish him by expulsion and the loss of all rights in the society.

In an action against the treasurer of an unincorporated benevolent association for money claimed to be due to a member of the association as benefits during his illness, where a recovery of such benefits subsequent to his expulsion from the association has been defeated upon proof of such expulsion, the judgment will not be reversed on appeal because of

objections to the proceedings for his expulsion not taken at the trial, where such defects might then have been supplied by evidence.

Under a provision of the constitution of the superior body of a benevolent association guaranteeing a fair hearing to every member before expulsion, except when such member has been expelled from the subordinate lodge of which he was a member, a member expelled from such lodge may be expelled from the superior body without notice.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon a verdict rendered by direction of the court.

The facts are stated in the opinion.

*Henry Wehle* and *John Fennel*, for appellant.

*Alfred Steckler*, for respondent.

J. F. DALY, J.—All of the objections urged on this appeal by appellant to the evidence given of the proceedings of the lodge, which resulted in the expulsion of the deceased, were not taken at the trial when the proof was offered and admitted.

At the close of the defendant's case plaintiff moved for a direction of a verdict in her favor, on the ground that the defendant had failed to prove any defense, and that the evidence adduced showed upon its face that the expulsion of Pfeiffer was illegal and without the authority of the constitution or by-laws of the lodge, and contrary to the law of the land. The defects to which our attention is called on this appeal are such as might have been supplied by proof had they been pointed out on the trial, viz.: that the member preferring the charges against the deceased was a member in good standing; that the committee to try the charges were duly appointed and were of the same degree as the accused; that sealed and certified charges and specifications were served, etc. Personal service of the charges and the summons to appear and answer was proved, and the charges, summons, documentary proof of proceedings and of the report of expulsion were received without objection.

The only specific objection taken to proof of the proceedings was to the service by mail instead of personally of the committee's report. It appears, however, by reference to the constitutions, that where the expulsion is for failure to appear and answer charges, service of the report is not required. Such service is provided for only in cases where a trial on charges has been had, and is intended to limit the time within which an appeal may be taken.

The whole contention in the trial was as to whether the alleged insanity of the accused at the time the charges were preferred against him was an answer to the defense founded upon his expulsion for neglecting to appear and answer such charges. It is claimed that Pfeiffer, being apparently and actually of unsound mind, could not be duly summoned or convicted of neglect to appear, and punished by expulsion and the loss of all rights in the society. There is no force in this point. A person who has even been adjudged a lunatic, and of whom a committee both of person and estate has been appointed, may be sued at law and the judgment recovered against him is not void (*Sternberg* v. *Schoolcraft*, 2 Barb. 153). It would be a contempt of the court which appointed the committee to sue without leave, but the judgment is valid (See authorities cited in report of above case). There was no reason why the lodge should not proceed against a person not adjudged a lunatic. He could have been defended and his rights protected. If they were not, the lodge might regularly proceed according to its laws. His alleged insanity did not excuse his failure to appear (*Hellenberg* v. *District No.* 1 *&c.*, 94 N. Y. 580).

The judgment should be affirmed, with costs to respondents.

LAREEMORE and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs.

With the foregoing appeal was argued another appeal by the same plaintiff from a similar judgment in a like action

by her against John Joerges, as president of the Mount Horeb Encampment No. 7 I. O. O. F., which was a superior body of the Independent Order of Odd Fellows, of which the German Oak Lodge was a subordinate lodge. Upon this appeal the following opinion was rendered.

J. F. DALY, J.—All the questions in this case touching the regularity of the proceedings of the German Oak Lodge which resulted in the expulsion of Pfeiffer, have been settled in the case of *Pfeiffer* v. *Weishaupt*, argued with this appeal, and my conclusions are adverse to the appellant's position. The additional point is made in this case, that before his expulsion from this encampment he had no notice nor opportunity to be heard.

I find that the constitution of this body recommends a fair hearing to every member liable to expulsion, except where such member has been expelled from the lodge of which he was a member.

Pfeiffer having been expelled from the subordinate lodge, the superior lodge evidently had the right to expel him from the encampment without further notice.

Judgment should be affirmed, with costs.

LARREMORE and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs.