## Scott, guardian, *vs.* Winningham.

Where suit was brought on a promissory note, and the declaration alleged that the maker had been adjudged a lunatic, and that the defendant had been appointed his guardian, and prayed process against such guardian, which was issued and served, but no process was prayed against the lunatic and no service was perfected upon him, the declaration was demurrable.  Before the lunatic could be personally affected by a judgment on his contract, it was necessary that process should be prayed against him, should issue against him, and should be served upon him.  When this has been done, a guardian *ad litem* may be appointed.

(a) It was not decided in *Field & Adams vs. Lucas*, 21 *Ga.* 451, that the title to a lunatic's property was in his guardian when one was appointed.

October 29, 1887.

Lunatics. Service. Guardian and Ward. Process. Before Judge RICHARD H. CLARK. Dekalb Superior Court. March Term, 1887.

Reported in the decision.

HARRISON & PEEPLES, for plaintiff in error.

CANDLER, THOMSON & CANDLER, for defendant.

BLANDFORD, Justice.

In this case, L. J. Winn became indebted to Winningham, and gave his note. Winn was afterwards adjudged a lunatic, and George B. Scott was appointed his guardian. Winningham brought his action upon the note in the superior court of Dekalb county. The declaration set out the note, alleged that Winn had made it, that he had been adjudged a lunatic, that Scott had been appointed his guardian, and prayed process against Scott, the guardian. No process was prayed against Winn. Service of the declaration and process was made upon Scott, the guardian; no service was made upon Winn, the lunatic. This declaration was demurred to, and the court overruled the demurrer, and judgment was taken against Winn, to be levied upon his goods and chattels, lands, tenements and estate. The overruling of the demurrer is the ground of error alleged.

We think the court erred in not sustaining the demurrer. Winn's contract was sued upon, and before he could be personally affected by a judgment, it was necessary that process should be prayed against him, should issue against him, and be served upon him. There being no process against him and no service upon him, the court had no jurisdiction to render a judgment against him.

Section 3263(a) of the code contains the act of 1876, which provides for the service of all writs, bills, petitions, citations and other legal proceedings on minors under the age of fourteen years, upon the minor personally; and

where there is a statutory or testamentary guardian or trustee, etc., service on such guardian or trustee shall be sufficient to bind the minor's interest in their control.

The reason assigned in the common law is, that the minor or infant cannot employ an attorney, and hence for the court to acquire jurisdiction of him, he must be served personally and brought before the court; and when brought before the court, the court will see that a guardian is appointed to properly defend for him before he shall be made liable in his person or property.

It was thought that, in *Field & Adams vs. Lucas*, 21 *Ga.* 451, this court decided that the title to the lunatic's property, when a guardian was appointed, was in the guardian; but upon a careful reading of that case, it will be found that while there was a suggestion by Judge Lumpkin, who delivered the opinion, that such was the law, no such decision was made. It will be seen that the court decided to the contrary, deciding that although the lunatic had a guardian, yet if in a lucid interval he made a contract with other parties, that contract would bind him in relation to his property. So it seems that the court really decided that the property of the lunatic does not belong to the guardian.

The act of 1876, already cited, further provides, that if the infant be over fourteen years of age, he shall be served personally. He is brought into court, and the court acquires jurisdiction of his person and property by this personal service of the court's process; and when brought into court, the court will protect all of his rights by the appointment of a guardian *ad litem*. That guardian may be his statutory guardian, if he be an infant, or in this case Mr. Scott, the statutory guardian, might have been appointed guardian *ad litem* to defend this case for Mr. Winn, the lunatic.

Hence we conclude that the demurrer in this case should have been sustained, and that the court erred in overruling the same.

Judgment reversed.