## Nancy J. Noel v. The Modern Woodmen of America.

1.   BENEFICIARY ASSOCIATIONS—*Proceedings to Expel Members.*—Proceedings of a beneficiary association to expel members are *quasi* judicial in their character, and where the local body, which under the by-laws of the association constitutes the court, acquires jurisdiction, its judgment pronounced in good faith will be binding.

2.   SAME—*By-Laws Which Cover Drunkenness.*—A by-law of a beneficiary association which forbids saloonkeepers and saloon bartenders from becoming members, and authorizing the expulsion of members for conduct unbecoming or likely to bring disrepute upon themselves, their families or the craft, or drunkenness, is broad enough to authorize an expulsion for "being a saloonkeeper and a saloon bartender and for drunkenness."

3.   SAME—*Insanity of Member Does Not Relieve Him from His Obligations.*—Where there is no claim that a member of a beneficiary association lacked mental capacity to enter into the contract which made him a member of the association, his subsequent mental incapacity can not relieve him from a compliance with its regulations any more than in any other form of contract.

4.   INSANE PERSONS—*Jurisdiction of—How Acquired by Courts.*—Jurisdiction of an insane person may be acquired by courts in the same manner as jurisdiction of a sane person.

5.   SAME—*Judgments Against—Not to be Questioned Collaterally.*—A judgment against an insane person can not be questioned collaterally; unless set aside by a direct proceeding for that purpose, such a judgment is of undoubted validity.

6.   NOTICE—*Proof of the Service of.*—In the absence of any statute or by-law upon the subject the service of a notice of charges against him, etc., upon a member of a beneficiary association may be proved by oral testimony.

7.   RECORDS—*Recitals of, Construed—Presumptions.*—Where a record shows that a question was put to vote and carried by a unanimous vote of seventeen votes, the presumption is that it was carried by a unanimous vote of all the members present.

**Assumpsit,** on a beneficiary certificate. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

I. C. PINKNEY and GEO. B. FOSTER, attorneys for appellant, contended that where a by-law requires a two-thirds vote of the members present in order to expel, such requi

ment means "an affirmative vote of two-thirds of those visibly present, and not of those actually voting." Labouchere v. Warncliffe, 13 Ch. D. 346. It is also the law, that where expulsion is attempted, the members must act as in the transaction of other important corporate business, and by a recorded vote of the body. Med. & Surg. Soc. v. Westerly, 75 Ala. 248; Gray v. Christian Soc., 137 Mass. 329; People v. Mechanic's Soc., 22 Mich. 86.

A judgment by default is irregular unless it appears by a return upon a process that it has been served, and what day service was made. Garrett v. Phelps, 1 Scam. 331; January v. Henry, 3 T. B. Mon. (Ky.) 8; Bascom v. Young, 7 Mo. 1; Ditch v. Edwards, 1 Scam. 127; Wilson v. Greathouse, 1 Scam. 174; Clemson v. Hamm, 1 Scam. 176; Ogle v. Coffee, 1 Scam. 239.

It is not the policy of the law to punish irresponsible persons for their acts, even if they be criminal in character. "Punishment is not the object of the law when persons unsound in mind are the wrongdoers." McIntyre, Adm., v. Sholty, Adm., 121 Ill. 660.

Again, it is held that "courts will protect the party against his own acts done under a state of insanity, although he has brought on the condition of drunkenness." Wigglesworth v. Steers et al., 1 Hen. & Munf. 70; 24 Vt. 224; 1 Parson on Contracts, 310–311, and notes.

WINSLOW EVANS, attorney for appellee, contended that an estoppel arises when the insurer, having full knowledge of the facts of a breach of the conditions of the contract of insurance entitling it to forfeit the policy, nevertheless goes on, and by any conduct treats the contract so that the insured is led to believe, and act on the belief, that the contract is still in force. May on Insurance, Secs. 505–507 and Sec. 497 (note 3); Mutual Life Insurance Co. v. Ammerman, 119 Ill. 336; Bacon on Life Insurance, Secs. 420–423.

An insane person may be sued and jurisdiction obtained over him the same as if he were sane.

It is held by all courts that a judgment against a person

who was *non compos mentis* at the time of its rendition, though without joining his legal guardian, is binding and conclusive upon him, is not to be impeached in any collateral action, and stands as a valid adjudication until annulled or reversed in some direct proceeding for that purpose. 1 Black on Judgments, Sec. 205.

The general rule is that when it is once made to appear that a court has jurisdiction, both of the subject-matter and of the parties, the judgment of the decree which it pronounces must be held conclusive and binding upon the parties thereto and their privies, notwithstanding the court may have proceeded irregularly, or. erred in its application of the law in the case before it. Maloney v. Dewey et al., 127 Ill. 395; Cooley, Constitutional Limitations, 408 *et seq.*

Until inquisition and the appointment of a conservator, it is competent to commence suit against the lunatic. The complainant is not bound to ascertain the mental capacity of the defendant and have a conservator appointed before he can bring suit. Maloney et al. v. Dewey et al., 127 Ill. 403.

Where charges are preferred against a member who is apparently of unsound mind, his failure to appear and answer is not excused by his insanity, and the association may regularly proceed according to its laws to convict and punish him by expulsion. 1 Beach on Private Corporations, Sec. 83; Pfeiffer v. Weishaupt, 13 Daly 161.

J. W. WHITE, of counsel.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellant on a certificate of membership, issued to her husband, who had afterward died, which provided for the payment by appellee to her of $3,000 upon his death. On a trial before the court there was a finding and judgment for appellee.

One of the conditions of the contract sued on was that if the member holding the certificate should be expelled from his local camp, which was the local branch of the order,

certificate should be null and void and all moneys paid and all rights and benefits accrued should be absolutely forfeited. The defense made at the trial was that plaintiff's husband had been so expelled for being a saloon keeper and a saloon bartender, and for drunkenness. This defense was set up by a plea, which plaintiff sought to meet by a replication alleging that her husband was insane at the time of his expulsion, and for more than six months prior thereto, but the court sustained a demurrer to the replication. It is insisted that the court erred in the conclusion that mental incompetency was not a bar to the proceeding for expulsion.

The proceeding which resulted in the expulsion was *quasi* judicial in its character, and if the local camp, which under the by-laws of the order constituted the court, had acquired jurisdiction, its judgment pronounced in good faith was binding. The rule is that jurisdiction of an insane person may be obtained in the same manner as if he were sane, and a judgment against such a person can not be impeached in any collateral action. Unless set aside by a direct proceeding for that purpose, such a judgment is of undoubted validity. Maloney v. Dewey, 127 Ill. 395; 1 Black on Judgments, Sec. 205; Freeman on Judgments, Sec. 123; 1 Beach on Private Corporations, Sec. 83; Pfeiffer v. Weishaupt, 13 Daly 161.

The plea which the replication of insanity professed to answer averred service of notice upon the member that charges had been brought against him, together with a copy of the same, and that he should appear at a regular meeting of the camp at a specified time and place, where he might be present if he desired, with witnesses or documents necessary for his defense. In the case of United Workmen v. Zuhlke, 129 Ill. 298, relied on in support of the replication, there was no service of notice or process on the member, but the judgment of expulsion rested on his entry of appearance and admission of facts.

Being insane he could not give consent or make admissions, and the decision does not tend to support the claim jurisdiction could not have been obtained by service of The demurrer was properly sustained.

Another replication to the plea of expulsion set up a waiver of the forfeiture, by defendant giving notice of mortuary assessments and receiving the same, but the supposed waiver was alleged to have occurred before the forfeiture, and for that reason the replication was bad and was so held on demurrer.

There were also offers to prove on the trial the same matters alleged in the above mentioned replications, but this was not permitted, and the rulings in that respect were right.

The records of the local camp, of which plaintiff's husband was a member, were offered in evidence, and they showed a compliance with the by-laws of the order in the proceedings had. The trial was held at the hall of the camp December 27, 1892, and the record showed that the "escort" testified at the trial that he delivered a copy of the charges to the accused, December 15, 1892, and at the same time notified him to appear at the time and place for trial, naming them, but this evidence of service being objected to, the notice and copy of charges were produced, and the time and manner of service by copies on the accused were proven by oral testimony. It is urged that this proof was incompetent, and that the service should have been proved by a return indorsed on the notice and copy of charges. We know of no statute or rule of law that would make such a return evidence of service, and no by-law is shown which could have that effect. We do not doubt that the oral evidence was admissible.

A two-thirds vote was required to expel a member, and it is claimed that the record failed to show such a vote. The record recited the putting to vote of the question of expulsion, and that it was carried by a unanimous vote of seventeen votes. Such a record has been construed to mean that there was an affirmative vote of all the members present. Barr v. Village of Auburn, 89 Ill. 369. It was sufficient.

It is complained that the trial was not for offenses for which a member was liable to expulsion. The by-laws forbade saloonkeepers and saloon bartenders from becoming mem-

bers, and authorized expulsion of a member for conduct that was unbecoming, or likely to bring disrepute upon himself, his family, or the craft, or drunkenness. The charges were within the terms of the by-laws.

It is also argued that the judgment of expulsion was void because insanity had absolved the accused from his obligations to keep the rules of the order and he could not be found guilty of their violation.

There is no claim that he lacked power or mental capacity to enter into the contract, or that it was invalid for any reason, and his subsequent mental incapacity could not relieve him from a compliance with its duties and regulations any more than in any other form of contract. For a breach of those duties he was liable to suffer the penalty prescribed in the contract and by-laws.

The rules enforced by the expulsion were not immoral, contrary to public policy or in contravention of the laws of the land. The methods prescribed were followed in apparent good faith to protect the defendant under its contract, and the judgment of the tribunal chosen by the deceased to pass on the question having been exercised in good faith, should be respected and enforced. The judgment of the Circuit Court will be affirmed.