ERWIN *v.* FAY.

1. PROCESS—INSANE PERSONS—SERVICE—GUARDIAN AND WARD.
   - Whether in actions at law or suits in equity, the method of obtaining jurisdiction of the person of an insane defendant is the same as in the case of sane persons, notwithstanding that a guardian of the incompetent has been appointed.

2. SAME.
   On the return of the officer that he was unable to serve the sub-

pœna, in foreclosure proceedings, on an incompetent defendant, because of her concealment, and on the affidavit of complainant's attorney that the several necessary steps had been taken and that defendant was incompetent and that complainant desired to secure the appointment of a guardian *ad litem,* followed by an order of publication and personal service on the guardian of the incompetent of the order and notice, the court acquired jurisdiction and a guardian *ad litem* was properly appointed.

3. INSANE PERSONS—GUARDIAN AD LITEM.

The guardian *ad litem* of an insane or incompetent person should be the general guardian or some person who could be relied on to protect the interests of the defendant, rather than the register in chancery or other person who would make only a formal defense.

4. SAME—ATTACKING ORDER—WRIT OF ASSISTANCE.

The court having obtained jurisdiction, in foreclosure proceedings, of an incompetent, and having caused the order of publication notifying defendant's guardian to appear and procure the appointment of a guardian *ad litem,* the appointment of the register as such guardian *ad litem* was not a fatal irregularity or subject to attack on petition for a writ of assistance.

Appeal from Muskegon; Sessions, J. Submitted February 10, 1911. (Docket No. 152.) Decided May 8, 1911.

Petition by Robert Love and Oscar E. Peterson for writs of assistance against Georgie Fay Merrill, Mary Van Arkel, and Mattie Fay, in foreclosure proceedings by David D. Erwin against Eliza T. Fay. Respondents filed objections which were overruled, and they appeal. Affirmed.

*Philip W. Kniskern,* for appellants.

*Cross, Vanderwerp, Foote & Ross,* for appellees.

BLAIR, J. A decree of foreclosure having been entered in the above-entitled cause, the premises were sold by a commissioner to certain purchasers who later applied to the court for writs of assistance against Georgie Fay

Merrill, Mary Van Arkel, and Mattie Fay, children and heirs at law of defendant, at that time deceased, and L. C. Scull, a tenant under them. The respondents objected to the granting of the application for the following reasons:

"(1) The mortgage which said complainant sought to foreclose described in the bill of complaint was not due and payable, according to the terms thereof, at the time said foreclosure proceedings were commenced by the filing of said bill of complaint.

"(2) The court had no jurisdiction in said cause either over the subject-matter or over the person of the defendant. (*a*) No subpœna was served on the defendant personally as required by the rules and practice of said court. (*b*) Said defendant prior to the commencement of said suit was adjudged an incompetent, and had been placed under guardianship, and the guardian of said defendant was not made a party to said suit or served with a subpœna therein, as is required by said rules and practice."

The written objections were supported by affidavit averring, among other things, as follows:

"They further say that at the time of the commencement of said suit the defendant Eliza T. Fay had been adjudged an incompetent person, and the said Georgie Fay Merrill had been appointed by the probate court of said county as her guardian and duly qualified as such; that said defendant lived in the city of Muskegon, in the same home where she had lived for a great number of years, and that she was never at any time concealed within the State of Michigan; that at the time referred to by the officer who made the return indorsed upon the subpœna that she was so concealed she was living at her said home, as she had been before, with no attempt at concealment, but that at that time, as said officer well knew, she was sick in bed, and was not expected to live even from day to day, and that the reason said subpœna was not served at that time was because it was feared it would endanger her life; that it was deemed unsafe on account of her condition for any one to enter her room except her family and nurse; that she soon thereafter became somewhat improved in health, and afterward died in the year 1910, a few months ago."

The sheriff, in his return to the subpœna issued in the suit, certified—

"That after diligent search and inquiry I have been unable to serve the within subpœna because of the within named defendant's concealment within the State of Michigan."

The affidavit of counsel to obtain an order of publication was in part as follows:

"Deponent further says that said defendant is a resident of this State; that process for her appearance has been duly issued, as aforesaid; and that the same cannot be served upon said defendant by reason of her concealment within the State.

"Deponent further says that said defendant is a mentally incompetent person, and that Georgie Fay Merrill is guardian of said defendant under appointment of the probate court for the county of Muskegon; that said defendant desires to make application for an order of publication in accordance with sections 485, 486, and 487 of the Compiled Laws of Michigan for 1897, and desires to give notice to said defendant and to her said guardian that, if she or they do not procure the appointment of a guardian *ad litem* for said defendant to appear in this cause within twenty days after the time fixed in said order of publication for her appearance therein, the complainant will apply to this court to appoint a guardian *ad litem* for her without further notice."

The order of publication filed September 25, 1909, contained a provision:

"That a copy of this order, together with a notice signed by said solicitors for complainant, directed to said guardian *ad litem*, reciting that, unless said defendant and said guardian do procure the appointment of a guardian *ad litem* within 20 days after the time mentioned provided for her appearance, the said complainant will apply to this court to appoint a guardian *ad litem* for the said defendant without further notice, be served on said Georgie Fay Merrill, guardian, as aforesaid, within 20 days from this date."

The order and notice were personally served on Georgie Fay Merrill September 28, 1909. The objections were

overruled and the writs granted. From this order the respondents appeal to this court.

The proceedings were in conformity with the practice required by the statute, and must be sustained if such practice is applicable to suits against incompetent persons. There is a lack of harmony in the decisions of other States upon this question, due in part, at least, to statutes regulating the practice. In this State there is no statute regulating the practice in such cases, and the question must be decided in accordance with the rules of the common law.

This question came before the court in a suit at law in *Ingersoll* v. *Harrison*, 48 Mich. 234 (12 N. W. 179). The summons was personally served upon the insane defendant, who was under guardianship. His guardian joined with him in pleading, in abatement of the service, the fact that he was under guardianship. We quote from the opinion of the court as follows:

"The sole question raised is whether the existence of the guardianship took away the defendant's legal capacity to be served with the summons, and we think it did not. He continued liable to suits and liable to notification of their institution. *Sternbergh* v. *Schoolcraft*, 2 Barb. (N. Y.) 153, and authorities cited; *Crippen* v. *Culver*, 13 Barb. (N. Y.) 424. See, also, *Bush* v. *Pettibone*, 4 N. Y. 300; *Ibbotson* v. *Lord Galway*, 6 Term, 133; *Cock* v. *Bell*, 13 East, 355."

Although this case was not referred to in the opinion, the same rule was adopted in *Stoner* v. *Riggs*, 128 Mich. 129 (87 N. W. 109).

These cases establish the rule for this State that there is no distinction in proceedings at law between sane and insane persons as to the proceedings for obtaining jurisdiction of their persons. The same rule obtains in suits in equity, so far as obtaining jurisdiction of the person is concerned. *Sturges* v. *Longworth*, 1 Ohio St. 544. In Michigan, as in Ohio, at the time of the decision cited—

"The mode of bringing parties into court, both at law

and in chancery, is the subject of statutory enactment; the legislature evidently intending to cover the whole ground. No exception is made in favor of lunatics. * * * The important difference between a lunatic and a sane person does not consist so much in the mode of the court obtaining jurisdiction over the person as in the proceedings after that jurisdiction has been obtained. The legislature having literally embraced all parties within the provisions of the act, unless it would be clearly in violation of its spirit to include insane defendants, we could not hold that they were without its provisions."

We therefore hold that the court acquired jurisdiction over the person of the defendant, and that it was the duty of the court to appoint a guardian *ad litem* to defend the suit. *Van Horn* v. *Hann*, 39 N. J. Law, 207, 213. We think, however, that the court in such cases should appoint the general guardian or some person who could be relied upon to actively protect the defendant's interests, and not the register of the court or other person who would be naturally expected to make a merely formal, perfunctory defense. *Van Horn* v. *Hann, supra; Frieseke* v. *Frieseke*, 138 Mich. 458 (101 N. W. 632).

The court, having obtained jurisdiction of the person and subject-matter of the suit, having caused the order of publication to be served upon the daughter of defendant as general guardian, affording her an opportunity and making it her duty to appear and procure the appointment of a guardian *ad litem*, the appointment of the register as such guardian *ad litem* did not deprive the court of jurisdiction to render the decree and could not be contested upon the application for a writ of assistance. *Ball* v. *Copper Co.*, 118 Mich. 7 (76 N. W. 130); *Peters* v. *Youngs*, 122 Mich. 484 (81 N. W. 263).

The order is affirmed.

OSTRANDER, C. J., and BIRD, BROOKE, and STONE, JJ., concurred.