## GORDAY *et al. v.* SCOTT & COMPANY.

1. Under the evidence in this case the defendants were not entitled to a judgment against the plaintiffs, upon the demand of the former, for the value of certain mules, and the hire of the same, delivered to the latter in payment of certain promissory notes due at the time of the delivery of the mules.

2. The evidence did not authorize the verdict directed by the court, and must for that reason be set aside and a new trial granted.

3. No opinion is expressed as to the sufficiency of the evidence to show the insolvency of the plaintiffs, which was relied on by the defendants as a basis of their right to set off certain alleged damages against a liquidated demand of the plaintiffs.

JANUARY 12, 1912.

Complaint. Before Judge Frank Park. Turner superior court. March 17, 1910.

*Haygood & Cutts,* for plaintiffs in error.

*J. H. Pate* and *Crum & Jones,* contra.

BECK, J. Scott & Company brought suit against S. T. & J. H. Gorday on four promissory notes, each being dated January 27, 1906, and due, respectively, February 1, April 1, June 1, and August 1, 1907. The defendants admitted a prima facie case and assumed the burden of proof. It appears that the four notes sued on, together with certain others, were given for the purchase of a certain sawmill outfit, consisting of a boiler, engine, wagons, mules, a barrel of lubricating oil, and other articles of personal property going to make up the outfit. The defendants pleaded, among other issues, a partial failure of consideration, alleging that the plaintiffs failed to deliver to defendants one of the mules included in the outfit, which it is averred died in possession of the plaintiffs before it was delivered, being of the value of $175, and that a barrel of oil worth $15 was not delivered; and they claimed a credit for the aggregate of these two amounts. Defendants in their plea alleged further, that subsequently, after certain of the notes which they had given for the outfit became due, being unable to pay the same in cash, they agreed to deliver four mules, which they were then using in and about the business of operating the sawmill, at the stipulated price of $850; that this was to be in payment of the indebtedness to the plaintiffs, which was past due, and the note next maturing and the sum of $50 on one of the notes which became due subsequently; that the plaintiffs accepted the mules under this agreement, but when the plaintiffs sent an agent of theirs to take possession of the mules, he left with an agent of the defendants, who did not know of the terms of the contract upon which the mules were to be delivered to the plaintiffs, certain notes which were not then mature, instead of the notes which were past due, in violation of the con-

tract between the parties; and that afterwards, on the 17th day of October, 1906, the plaintiffs maliciously and without probable cause instituted attachment proceedings for the purchase-money of the property sold by them to the defendants, which they alleged to be due and unpaid, and the attachment was levied on the saw-mill and other personal property constituting the sawmill outfit. The defendants further pleaded, that possession of the four mules which were delivered by the defendants' agent to the plaintiffs was obtained by fraud; that they had tendered back to the plaintiffs the notes which had been left when the mules were taken away; that they had demanded the return of the mules by the plaintiffs, which demand was refused, and that this amounted to a conversion of the property. Defendants allege the insolvency of the plaintiffs, and say that they are entitled to recover the value of the mules and their hire, and also damages incurred in consequence of the suing out of the attachment and the seizure of the sawmill outfit.

At the close of the evidence the court directed a verdict in favor of the plaintiffs for the amount of $697 principal, together with interest, costs, and attorney's fees.

1. We do not think that the defendants were entitled to recover the value of the four mules and their hire, as they contend in their plea. The suit was brought upon the four notes which were not due at the time the plaintiffs took possession of the four mules un-der the contract set forth in the plea, being the notes which were delivered to the defendants at that time. Plaintiffs in bringing this suit recognized the terms of the contract relied upon by the defendants to be as alleged by the defendants themselves; and when the notes, for the payment of which the mules were deliv-ered to the plaintiffs, were tendered to the defendants at the trial as their property, the plaintiffs had complied with their part of the contract in reference to the payment of the past-due indebtedness at the time of the making of the contract. And even if they had never tendered these notes, the defendants were not and could not have been injured by the retention of the notes in the hands of the plaintiffs. By the delivery of the mules the defendants paid the notes past due and became entitled to a credit on the notes not then due in an amount in excess of the stipulated price of the mules over the aggregate of the past-due notes, and could have pleaded payment as a defense to a suit on the notes, whether brought by

the plaintiffs themselves or by any one else to whom the notes might have been transferred, the notes not having been transferred before maturity.

2. The defense of a partial failure of consideration, based upon the failure of the plaintiffs to deliver one of the mules and a barrel of oil included in the contract of purchase and sale between the parties, was met by a contention on the part of the plaintiffs that the defendants were not entitled to a credit equal to the aggregate value of the oil and the mule, because the matter of this credit was res adjudicata between them, and became so as the result of a suit between the parties in the city court of Ashburn on a note dated January 27, 1906, being one of the series of notes given for the purchase-price of the property in controversy. The record of the suit just referred to was introduced in evidence. It appears from the plea filed in that case that the defendants set up a failure of consideration, based upon the non-delivery of a mule of the value of $175, a yoke of oxen of the value of $75, and a barrel of oil of the value of $15. Upon the trial the plea of failure of consideration was stricken on special demurrer not going to the merits of the defense; and a judgment was rendered for the plaintiffs in an amount equal to the sum sued for, less $75, it being admitted on the trial by counsel for plaintiffs that the defendants were entitled to this credit of $75 "on account of oxen." Thus it appears that the issue raised in the present case by the plea of failure of consideration was not adjudicated in the case tried in the city court of Ashburn. The plea of failure of consideration here being considered was stricken from the plea in the former suit, and no evidence was introduced or could have been introduced to sustain it; and the court below erred in holding in favor of the plaintiffs' contention that the matter involved in that particular part of the defendants' plea now under consideration was res adjudicata.

3. Inasmuch as the case is to go back for another trial, it is unnecessary to pass upon the question of the sufficiency of the evidence to support the defendants' contention that plaintiffs were insolvent, their insolvency being the basis of defendants' right to plead, against plaintiffs' liquidated demand, damages alleged to have been sustained in consequence of the institution of

the attachment proceedings, which was, according to the contention of the defendants, malicious and without probable cause.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*