DELLA A. KING *v.* MOSES KING.

November Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed January 9, 1930.

336

*R. E. Susena* for the plaintiff.

*Stickney, Sargent, Skeels & Jeffords* for the defendant.

MOULTON, J.   This is a petition for support under G. L. 3600, brought by the plaintiff against the defendant, her husband.   The record is somewhat meager, but from it we are able to learn that the defendant for some reason which does not appear was under guardianship; that the only service of process was the delivery of a copy of the petition and precept to the guardian; that the defendant, appearing specially, moved to dismiss because no legal service had been made upon him; that the trial court granted the motion; and that the plaintiff excepted.

G. L. 3601 provides that the summons and petition authorized by G. L. 3600 shall be served upon the party defendant.   Although by G. L. 3678 a guardian "may maintain and defend actions or suits when necessary for the recovery or protection of the property or person of his ward"; and by G. L. 3664 provision is made for the entry of a guardian to prosecute or defend a pending action by or against a person adjudged to be insane, a spendthrift, or mentally incapable of caring for himself or his property, after the commencement of the action; we have no statute authorizing the service of process upon a guardian in a proceeding against the ward.   In the absence of such a statute service upon the guardian alone is not sufficient. *Taylor* v. *Lovering,* 171 Mass. 303, 305, 50 N. E. 612; *McKenna* v. *McArdle,* 191 Mass. 96, 99, 77 N. E. 782; *In re Martin,* 86 N. J. Eq. 265, 98 Atl. 510, 512; *Scott* v. *Winningham,* 79 Ga. 492, 4 S. E. 390.

Jurisdiction is to be obtained over an insane person in the same manner as if he were sane. *Love* v. *Merrill,* 165

Mich. 503, 130 N. W. 1123, 1124; *Johnson* v. *Pomeroy,* 31 Ohio St. 247, 248; *Noel* v. *Modern Woodmen of America,* 61 Ill. App. 597, 600; *Sternbergh* v. *Schoolcraft,* 2 Barb. (N. Y.) 153, 155. The existence of the guardianship did not take away the defendant's legal capacity to be served with the summons. *Ingersoll* v. *Harrison,* 48 Mich. 234, 12 N. W. 179. At common law, process is to be served upon a lunatic personally. *Van Horn* v. *Hann,* 39 N. J. Law, 207, 213; *Stoner* v. *Riggs,* 128 Mich. 129, 87 N. W. 109, 110. In *Potter* v. *Wright,* Brayton, 21, it was held that in an action of trespass against a minor, the writ will not abate because the guardian of the minor was not notified, thus impliedly recognizing the principle stated above.

It may be remarked that G. L. 3694, providing that a writ or execution shall not be issued against a ward for a debt while he is under guardianship, has no application because a petition for support under G. L. 3600 is not a writ for a debt within the meaning of the statute.

The plaintiff argues that the motion to dismiss is defective, but since it does not appear by the record that this question was raised below it is not for consideration here. *Temple et ux.* v. *Atwood,* 100 Vt. 371, 372, 137 Atl. 321; *Picknell* v. *Bean,* 99 Vt. 39, 40, 130 Atl. 578; *State* v. *Fairbanks,* 101 Vt. 30, 39, 139 Atl. 918, and cases cited. No error appears.

*Judgment affirmed.*

NOTE.—WATSON, C. J., having deceased, took no part in the above decision.