24654. COLLINS, guardian, *v.* GORMLEY, superintendent of banks.

JENKINS, P. J. The superintendent of banks made an assessment on stockholders, as authorized by the Code of 1933, § 13-822 (Michie's Code, § 2366 [71]), and after having given the prescribed thirty days notice to a stockholder, of whom the plaintiff in error had previously been appointed statutory guardian both of person and property on the ground of insanity, issued an execution against such stockholder. The sole question raised by the affidavit of illegality filed by the guardian is whether the assessment as made by the superintendent of banks against such a stockholder could legally proceed, where it appeared that the stockholder had been previously adjudged insane, and that the thirty-days notice prescribed by the Code had been given to the stockholder herself and not to her statutory guardian. *Held:*

1. There is nothing in the law of this State which will prevent proceedings for the collection of debts or obligations legally due by insane persons. *Ward* v. *Miller*, 143 *Ga.* 164, 166 (84 S. E. 480) ; *Foster* v. *Jones*, 23 *Ga.* 168.

2. Guardians appointed for insane persons "shall take the same oath and give a like bond as guardians of minors, and their powers, duties, and liabilities shall be the same and shall be exercised under the same rules and regulations." Code of 1933, § 49-603. The provisions as to service of minors, contained in section 81-212 of the Code, have been held to govern service upon insane persons. It not appearing by the affidavit of illegality that the stockholder in this case was under the age of fourteen, under the provisions of the section last cited, service of the notice of the assessment upon her alone was sufficient. *Ocmulgee River Lumber Co.* v. *Appleby*, 136 *Ga.* 26 (70 S. E. 346). See also *Scott* v. *Winningham*, 79 *Ga.* 492 (4 S. E. 390).

3. Under the foregoing rulings, the court did not err in sustaining the demurrer to the affidavit of illegality.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED MAY 9, 1935.

*D. Carl Tallant,* for plaintiff in error.