GRIFFIN, guardian, *et al. v.* SUBER.

No. 13431. NOVEMBER 29, 1940.

270

*Clifford E. Hay, Jesse J. Gainey,* and *Ira Carlisle,* for plaintiffs in error.

*Titus & Altman, Alexander & Jones,* and *B. B. Earle,* contra.

ATKINSON, Presiding Justice. Under the acts of 1876 and 1879 (Ga. L. 1876; p. 103; 1878-9, p. 140; Code, § 81-212), provision was made for service of writs, petitions, etc., on minors under and over fourteen years of age, as follows: "If the minor is over 14 years of age, service may be made by delivering to him personally such copy. When the returns of such service are made to the proper court, and order taken to appoint said minor a guardian ad litem, and such guardian ad litem agrees to serve, all of which shall be shown in the proceedings of the court, said minor shall be considered a party to said proceedings." The Code, under the chapter dealing with the probate of wills, provides: "If any of the heirs are minors or of unsound mind, guardians ad litem shall be appointed by the court, or the probate shall not be conclusive as to them." § 113-608. Thus it is apparent that the Code itself provides for representation of the minor by a guardian

ad litem when the minor is over fourteen years of age, and specifically where a will is to be probated the minor is represented by guardian ad litem. "Whenever a minor shall be interested in any litigation pending in any court in this State, and shall have no guardian, or his interest shall be adverse to that of his guardian, such court may appoint a guardian ad litem for such minor, which guardian shall be responsible to such minor for his conduct in connection with such litigation in the same manner as if he were a regularly qualified guardian." Code, § 49-111. It is true that this section uses the terms "shall have no guardian," in which event the court may appoint a guardian ad litem, but it does not make the appointment of the guardian essential, nor does it indicate that if an existing guardian be not made a party a proceeding would be irregular or void that appointed a guardian ad litem. It may be urged, but it is not decided, that when a suit is filed to which a minor is a party, and in which he may receive funds as the fruit of the litigation, the guardian under bond should be made a party, so that his bond would be responsible for such funds as he might receive. This argument, however, would lose its force where the minor is simply a party to the probate of a will from which he receives no fund. The fund would be paid only to a guardian under bond, if the point were made; and a guardian ad litem would be compelled to give bond before he could receive any fund of the minor. The cases cited by counsel on both sides, although from casual expressions mentioning what was done as a matter of fact, do not indicate a decision of the instant question. *Oliver* v. *McDuffie,* 28 *Ga.* 522; *Scott* v. *Winningham,* 79 *Ga.* 492 (4 S. E. 390) ; *Salter* v. *Salter,* 80 *Ga.* 178 (4 S. E. 391, 12 Am. St. R. 249) ; *Maryland Casualty Co.* v. *Lanham,* 124 *Ga.* 859 (53 S. E. 395) ; *Douglas* v. *Johnson,* 130 *Ga.* 472 (60 S. E. 1041) ; *Miller* v. *Luckey,* 132 *Ga.* 581 (64 S. E. 658) ; *Gorday* v. *Scott,* 137 *Ga.* 423 (73 S. E. 732) ; *Dougherty* v. *Fouché,* 149 *Ga.* 608 (101 S. E. 578). In Powell on Actions for Land, 189, § 84, is the following statement: "When the return of service has been made to the court an order shall be taken appointing some one to act as guardian ad litem or the legal guardian may be directed by the court to act in this capacity." The judge did not err in striking the plea. See Code, § 37-1003; *Groce* v. *Field,* 13 *Ga.* 24 (2) ; Ann. Cas. 1912D, 364, note.

*Judgment affirmed. All the Justices concur.*