### 35467. ABNER v. WEEKES, guardian.

NICHOLS, J. In the present case, after paying a judgment rendered against his adult ward during her mental incompetency, and after her restoration to sanity was declared by a court of ordinary, the guardian had a final settlement with her, and by petition to the court of ordinary sought letters of dismission and approval of his final returns. To such application the former ward filed a caveat, which as amended objected to the grant of letters of dismission and approval of the final returns, on the ground that the judgment paid by him was in an action against her during her incompetency, and though service was prayed against the guardian and herself, service was had only upon the guardian; that, as shown by a certified copy of the proceedings in the case, the judgment was void on its face; that the said judgment has since been vacated and set aside; that the disbursement thereunder by the guardian was unauthorized, and the approval thereof should be set aside; and it was also alleged that the guardian was grossly negligent in permitting the aforesaid judgment to be rendered. After a hearing, the court of ordinary entered an order dismissing the caveat as amended and granting dismission. The case was appealed by the caveator to the Superior Court of DeKalb County. The guardian filed a motion to dismiss, on the

ground that the amount paid in the suit hereinbefore mentioned was in response to a valid judgment and had been approved by the Court of Ordinary of DeKalb County, and that there was no basis for the appeal. The trial judge sustained the motion, and the caveator excepted. *Held:*

The provisions of Code § 81-212 as to service upon minors applies also to insane persons. *Collins* v. *Gormley,* 51 *Ga. App.* 260 (179 S. E. 906). In an action against such an incompetent, process must be prayed for and also served upon him. *Scott* v. *Winningham,* 79 *Ga.* 492 (4 S. E. 390). Without the required service or waiver thereof, there is no suit, and a judgment in such a case is a mere nullity. Code § 110-709; *Winn* v. *Armour & Co.,* 184 *Ga.* 769 (193 S. E. 447); *Lott* v. *Lott,* 207 *Ga.* 34, 35 (59 S. E. 2d 912); *Jackson* v. *Jackson,* 199 *Ga.* 716, 722 (35 S. E. 2d 258); *Ivey* v. *State Mutual Ins. Co.,* 200 *Ga.* 835, 838 (38 S. E. 2d 601). Accordingly, since it was shown by the record in the case in which the judgment complained of was rendered that there was no service upon the insane ward, the judgment was void. It was shown by the guardian's vouchers that the guardian had obtained from the ward, after she was declared restored to sanity, a receipt for settlement in full; it was also shown that this occurred before the grant of letters of dismission. However, this receipt is properly a matter of evidence to be urged by the guardian when and if this case is tried, and is not a matter before this court at the present time. In this connection, see Code § 20-206, and *Griffin* v. *Collins,* 121 *Ga.* 102 (4) (49 S. E. 827). It follows that, since the judgment was void and there remained a question for determination by a jury as to the claim upon which the suit was based, the trial judge erred in dismissing the appeal of the caveator.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*

DECIDED FEBRUARY 28, 1955—REHEARING DENIED MARCH 18, 1955.

*Ben F. Sweet,* for plaintiff in error.
*Weekes & Candler,* contra.