*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HARRIS.

---

JUDITH JACKSON,

      Petitioner-Appellee,

v

SAAH BENJAMIN HARRIS,

      Respondent-Appellant.

UNPUBLISHED
March 23, 2023

No. 362232
Kent Probate Court
LC No. 22-930734-MI

---

Before: K. F. KELLY, P.J., and BOONSTRA and REDFORD, JJ.

PER CURIAM.

Respondent Saah Harris appeals as of right the original and amended order after a hearing on a petition for involuntary mental health treatment confining him to hospital treatment. We affirm.

## I. FACTUAL BACKGROUND

While staying with his mother, Judith Jackson, respondent stopped taking his medication, started hearing voices, became paranoid, and threatened suicide. Respondent's mother tried to take him to a local psychiatric hospital but he jumped out of the moving car. After an evaluation in a local emergency room where a doctor evaluated respondent and found him mentally ill requiring hospitalization and treatment, his mother petitioned for court ordered hospitalization. After a hearing, the probate court ordered an initial hospitalization for 60 days.

## II. ANALYSIS

Respondent argues that the probate court lacked personal jurisdiction over him because he did not consent to personal jurisdiction and lacked sufficient minimum contacts with the state to permit the court to order his hospitalization. We disagree.

Whether a court has obtained personal jurisdiction over a party is a question of law that we review de novo. *WH Froh, Inc v Domanski*, 252 Mich App 220, 226; 651 NW2d 470 (2002).

-1-

Issues of statutory construction, application, and interpretation are reviewed de novo. *Johnson v Johnson*, 329 Mich App 110, 118; 940 NW2d 807 (2019).

To preserve a challenge to the trial court's exercise of personal jurisdiction, the issue must be raised in a party's first responsive pleading or by motion. MCR 2.116(D)(1). Respondent did not preserve this issue for appellate review. "Appellate courts may grant relief for unpreserved errors if the proponent of the error can satisfy the 'plain error' standard . . . ." *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). To obtain relief, respondent must establish "that (1) an error occurred, (2) the error was 'plain'—i.e., clear or obvious, and (3) the error affected substantial rights—i.e., the outcome of the lower court proceedings was affected." *Id.*, citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). If these three elements are satisfied, we must exercise discretion in deciding whether to reverse because relief is warranted only if the plain, forfeited error resulted in a miscarriage of justice or seriously affected the fairness, integrity or public reputation of the judicial proceedings. *Cain*, 498 Mich at 116.

Under the Michigan Mental Health Code, a probate court "may order involuntary treatment for an individual who is an adult." MCL 330.1281a. The Mental Health Code does not have a specific personal jurisdiction provision. Instead, jurisdiction is determined under Michigan's general statutes. "Before a court may obligate a party to comply with its orders, the court must have in personam jurisdiction over the party." *Oberlies v Searchmont Resort, Inc*, 246 Mich App 424, 427; 633 NW2d 408 (2001). A court may establish jurisdiction over a person through general or limited personal jurisdiction. *Id.* A court may exercise general personal jurisdiction "when a defendant's contacts with the forum state are of such nature and quality as to enable a court to adjudicate an action against the defendant, even when the claim at issue does not arise out of the contacts with the forum." *Id.* General personal jurisdiction may be exercised over nonresidents under MCL 600.701 which provides:

> The existence of any of the following relationships between an individual and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the individual or his representative and to enable such courts to render personal judgments against the individual or representative.
>
> (1) Presence in the state at the time when process is served.
>
> (2) Domicile in the state at the time when process is served.
>
> (3) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.

Under MCL 600.701, respondent, even as a nonresident, did not need to consent to personal jurisdiction because he was served with process when present in the state of Michigan. See *Haefner v Bayman*, 165 Mich App 437, 441; 419 NW2d 29 (1988) (holding that a probate court had jurisdiction over a nonresident when served with process while in Michigan on business). Respondent ignores that general personal jurisdiction does not require both physical presence and consent.

Respondent argues without citation to any authority that the probate court lacked personal jurisdiction over him merely because he was served the petition while involuntarily hospitalized. Further, respondent cites no authority that an individual involuntarily hospitalized is not subject to MCL 600.701. Our Supreme Court has long held that there is no distinction between obtaining jurisdiction over a mentally ill respondent compared to a nonmentally ill respondent. See *Love v Merrill*, 165 Mich 503, 507; 130 NW 1123 (1911).

Respondent argues that he lacked a sufficient relationship with the state to trigger jurisdiction under Michigan's long-arm statute, MCL 600.705. This argument is irrelevant because the probate court had general personal jurisdiction over respondent under MCL 600.701. *Oberlies*, 246 Mich App at 427.

In his reply brief, respondent raises for the first time the issue whether his counsel provided ineffective assistance at the petition hearing by failing to object to personal jurisdiction. This issue is not properly before this Court because respondent only raised this issue in his reply brief. Reply briefs may contain only rebuttal argument, and raising an issue for the first time in a reply brief is not sufficient to properly present an issue for appeal. MCR 7.212(G); *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012).

Respondent has failed to establish that the probate court erred by exercising personal jurisdiction over him. The probate court also did not abuse its discretion by ruling that respondent was a person who required mental health treatment. Clear and convincing evidence established that respondent suffers from a mental illness with impaired judgment and acted in a manner that, as a result of that mental illness, can be reasonably expected that in the near future he would intentionally or unintentionally cause serious injury to himself or others, and fails to understand his need for treatment. MCL 330.1401(1)(a) and (c). Accordingly, the probate court properly ordered respondent to receive involuntary mental health treatment.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark T. Boonstra
/s/ James Robert Redford